UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVID FARKAS**<br><br>Plaintiff<br><br>vs.<br><br>**CAPITAL MANAGEMENT SERVICES, LP**<br><br>Defendant | Case Number:<br><br>CIVIL COMPLAINT |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, David Farkas, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, David Farkas, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a primary location in this district.

## III. PARTIES

4. Plaintiff, David Farkas, (hereafter, Plaintiff) is an adult natural person residing in Monsey, NY. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Management Services, LP., (hereafter, Defendant), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting consumer debt with a primary address located at 726 Exchange Street, Suite 700, Buffalo, NY 14210.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about July 3, 2012 Plaintiff received a letter from Defendant stating they are collecting on behalf of Resurgent Capital Services and would like to offer a settlement agreement. **See EXHIBIT "A" (notice) attached hereto.**

8. The Plaintiff is said to owe $4471.00.

9. On this letter LVNV Funding, LLC is listed as the current creditor.

10. Nowhere on this letter is Defendant listed as a holder on the said alleged consumer debt.

11. On or about July 26, 2012 Plaintiff wrote a letter to the Defendant asking them to validate the alleged consumer debt in question. **See EXHIBIT "B" (notice) attached hereto.**

12. On or about July 31, 2012 Plaintiff received a letter from the Defendant offering the same settlement as before. **See EXHIBIT "C" (notice) attached hereto.**

13. Defendant ignored the Plaintiff's request and never validated the alleged consumer debt.

14. Defendant failed to send the Plaintiff a thirty (30) validation notice within five (5) days of their initial communication.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(b): | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management Services, LP for the following:

a. Actual damages;g

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, PC**

Date: January 17, 2013

BY: /s/ *Bruce K. Warren*
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff